(Surrogate's Court, New York County. February, 1903.)

1. SURROGATE—JURISDICTION—COMPROMISE OF CLAIM.
    Code Civ. Proc. § 2719, providing that a surrogate may authorize an executor or administrator to compromise a claim, does not give the surrogate jurisdiction to approve a contract between administrators and an alleged partner of the intestate, under which the administrators are to assign all the interest of the decedent in the business to a foreign corporation, accepting in payment a part of the stock thereof.

2. ADMINISTRATOR—SALE OF ASSETS.
    Where administrators sell the assets of the decedent for anything except cash, they take the risks of the sale.

In the matter of the estate of George F. Gilman, deceased. Application to compromise a claim against the estate denied.

Ormiston & McCormick, for petitioner Gilman.
Brush & Crawford, for Edward J. Norton, administrator.
Hyde, Leonard & Lewis, for Geo. W. Smith, creditor.

THOMAS, S. Counsel for the petitioners are correct in their contention that is is not material for the purposes of the present

¶ 2. See Executors and Administrators, vol. 22, Cent. Dig. §§ 638, 1496.

application whether the decedent was domiciled in this state or in the state of Connecticut. The administrators appointed here have the same powers and duties as to the assets in this state, and they are equally subject to the jurisdiction of this court, out of which their letters issued, if they are domiciliary administrators, or if their administration is, for some purposes, ancillary to that being had in another state. Smith v. Second Nat. Bank, 169 N. Y. 467, 62 N. E. 577; Matter of Hughes, 95 N. Y. 55; Despard v. Churchill, 53 N. Y. 192; Parsons v. Lyman, 20 N. Y. 103.

The decedent had in his lifetime been engaged in business as a retail dealer in tea and other merchandise under the names of "The Great Atlantic and Pacific Tea Company" and "The Great American Tea Company." This business was so extensive that it was carried on in 198 separate stores in different parts of the United States, and employed upwards of 1,800 persons. Though all leases were taken in the name of the decedent, and contracts were made on the credit of his name, it is alleged by Mr. George H. Hartford, who was the manager of the business, that he was interested as a partner in the assets and property to the extent of one-half, and a suit is now pending in the Circuit Court of the United States for the Southern District of New York, upon the complaint of Mr. Hartford and against the administrators, to enforce his claim. The knowledge of Mr. Hartford of the affairs of this great business is a valuable asset, and, induced by this and other considerations, the administrators have entered into a contract with him, which contract I am now asked to permit and approve.

All of the parties interested as next of kin of the decedent consent to the making of the contract. The only objection to it comes from certain persons holding claims against the estate of the decedent, which claims are disputed by the administrators. Though notice of this application has been given to these creditors, no Code provision permits a proceeding against them for the purposes of the relief sought, and the order, if made, would have no greater force against them than if made ex parte. The first question to be construed is as to whether I have any jurisdiction to make the order applied for.

The contract requires the administrators to assign and transfer all of the interests of the decedent in the assets and property of said business to a corporation to be created under the laws of the state of New Jersey; to accept in payment a portion of the stock of that corporation, and to permit Mr. Hartford to take the balance of that stock. The details of the proposed arrangement are not material for our present purposes.

The provision of law under which I am urged to act is contained in section 2719 of the Code of Civil Procedure, as follows:

"The surrogate may authorize the executor or administrator to compromise or compound a debt or claim, on application, and for good and sufficient cause shown, and to sell at public auction on such notice as the surrogate prescribes, any uncollectible, stale or doubtful debt or claim belonging to the estate; but any party interested in the final settlement of the estate may show on such settlement that such debt or claim was fraudulently or negligently compromised or compounded."

I agree that this permits the surrogate to authorize the compromise of a claim made against the estate as well as one made in its favor. The decisions to the contrary were under an earlier statute. Estate of Farley, 15 N. Y. St. Rep. 727; Laws 1847, p. 88, c. 80, amended by Laws 1888, p. 928, c. 571, and Laws 1893, cc. 100, 686. I might, therefore, possibly approve a transfer of part of the estate to a stranger in satisfaction of his claim and call it a compromise. I might, on the same ground, ratify a contract admitting the claim made by Mr. Hartford as a surviving partner. But I cannot see clearly how the approval of a transfer of all of the assets of the estate to a New Jersey corporation, in consideration of stock of that corporation, can be justified by any such reasoning.

Sales of the property of the estate of a decedent must be made by the personal representatives, on their own responsibility. The only statute known to me which permits the surrogate to determine the propriety of such sales in advance of an accounting is the one already set forth, and that is confined to the sale of uncollectible debts by auction and for cash. If an administrator sells for anything but cash, except in rare and exceptional cases, he becomes the guarantor of the results of the transaction, and if it proves unfortunate he may be charged as for a devastavit. In the county of New York he may not even sell upon credit with approved security. Code Civ. Proc. § 2717. His investments must also be made upon his own judgment and at his own hazard, and purchases of the stock of a corporation, either foreign or domestic, are not favorably regarded. King v. Talbot, 40 N. Y. 76.

Under the peculiar circumstances of this case, it may well be that the proposed arrangement is a good one. It has received the approval of numerous interested persons, acting under the advice of counsel apparently well informed. I place my refusal to grant the order solely upon the ground of want of jurisdiction.

Application denied.